1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREAM, INC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SONIYA VALLEY, LLC, et al.,<br><br>Defendants. | No. 2:16-cv-02715-KJM-DB<br><br>STIPULATED ORDER WITH COURT MODIFICATION TO:<br>(1) ENTER CONSENT DECREE FOR PERMANENT INJUNCTION[1] AGAINST DEFENDANT SONIYA VALLEY, LLC<br>(2) DISMISS DEFENDANT SONIYA VALLEY, LLC FROM THE ACTION WITHOUT PREJUDICE |

---

[1] The court has stricken the paragraph originally numbered 4 from the parties' stipulation. The parties have not provided a copy of their agreement for the court's review and the court was not involved in assisting the parties reach agreement. Moreover, the court in its discretion declines to maintain jurisdiction to enforce the terms of the parties' settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994); *cf. Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir.1993). Unless there is some independent basis for federal jurisdiction, enforcement of the agreement is for the state courts. *Kokkonen*, 511 U.S. at 382.

1

## ORDER FOR PERMANENT INJUNCTION

This Court, having made the following findings of fact and conclusions of law pursuant to the parties' stipulation:

A.      Plaintiff Sream, Inc. ("Sream" or "Plaintiff") filed suit against Defendant Soniya Valley, LLC ("Soniya-LLC"), alleging that Soniya-LLC violated Sream's rights under 15 U.S.C. §§ 1114, 1116, 1125(a), (c), and (d), and Cal. Bus. & Prof. § 17200 *et seq.* ("Action");

B.      The Parties entered into a confidential settlement agreement effective as of July 17, 2017 ("Settlement Agreement"), which anticipates entry of the stipulated judgment set forth herein;

And good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      For the purposes of binding preclusive effect on Soniya-LLC as to disputes occurring after July 17, 2017, between Soniya-LLC and Sream, and only for such purposes, Soniya-LLC admits the following:

a.      Mr. Martin Birzle is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 2,235,638; 2,307,176; and 3,675,839 (the "RooR Marks") and of all rights thereto and thereunder.

b.      The RooR Marks are valid and enforceable.

c.      Since at least 2013, Plaintiff Sream has been the exclusive licensee of the RooR Marks in the United States. Mr. Birzle has been granted all enforcement rights to Sream to sue to obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

2.      Effective July 17, 2017, Soniya-LLC, and those acting on Soniya-LLC's behalf (including its owners, shareholders, principals, officers, agents, servants, employees, independent contractors, and partners), are permanently enjoined from producing, manufacturing, distributing, selling, offering for sale, advertising, promoting, licensing, or marketing (a) any product bearing the RooR Marks or (b) any design, mark, or feature that is confusingly similar to the RooR Marks (collectively, the "**Permanent Injunction**").

1        3.       Soniya-LLC is bound by the Permanent Injunction regardless of whether Mr. Martin Birzle assigns or licenses his intellectual property rights to another for so long as such trademark rights are subsisting, valid, and enforceable.  The Permanent Injunction inures to the benefit of Mr. Martin Birzle and his successors, assignees, and licensees.

         4.       The Parties waive any rights to appeal this Permanent Injunction.

         5.       Defendant Soniya-LLC is dismissed from the Action, *without prejudice*, with each party to bear their own attorneys' fees and costs.

         IT IS SO ORDERED.

DATED:  July 20, 2017.

_____
UNITED STATES DISTRICT JUDGE